**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **DEDRIC SHUNTE BEAVER, # 03018-180,** | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:05-CV-1343-D |
| | ) | |
| **DAN JOSLIN, Warden,** | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a petition for a writ of habeas corpus brought by a federal prisoner pursuant to 28 U.S.C. § 2241.

Parties: Petitioner is currently confined at the Federal Correction Institution (FCI) in Seagoville, Texas. Respondent is the warden at FCI Seagoville. The court has not issued process in this case, pending preliminary screening of the habeas petition.

Statement of Fact: Petitioner pled guilty to distributing crack cocaine and aiding and abetting in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2 in the Western District of Texas, Waco Division. See United States v. Beaver, 6:99cr087 (W.D. Tex., Waco Div.). Punishment was assessed at 188 months imprisonment and a three-year term of supervised release. Id. The court of appeals dismissed the appeal as untimely filed. United States v. Beaver, No. 00-50283 (5th Cir. Jun. 20, 2000).

Prior to filing this action, Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. See Beaver v. United States, 6:00cv328 (W.D. Tex., Waco Div.,

filed Nov. 29, 2000). On May 4, 2001, the district court denied and dismissed the § 2255 motion. Id. Petitioner did not appeal.

In the present § 2241 action, Petitioner seeks to challenge the enhancement of his sentence under Blakely v. Washington, 542 U.S 296, 124 S. Ct. 2531, 159 L.Ed.2d 403 (2004), and United States v. Booker, ___ U.S. ___, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). He argues that his sentence was enhanced on the basis of facts -- i.e., drug amounts -- found by the judge and not charged in the indictment and/or submitted to the jury. (Petition (Pet.) at 1, 4, and 6). Relying on Booker, he also argues that he is actually and factually innocent of the enhancement of his sentence. (Id.).[1]

Findings and Conclusions: While § 2241 is more typically used to challenge the execution of a prisoner's sentence, a federal prisoner may bring a petition under § 2241 to challenge the legality of his conviction or sentence if he can satisfy the mandates of the "savings clause" of § 2255. See Padilla v. United States, 416 F.3d 424, 425-26 (5th Cir. 2005); Reyes-Requena v. United States, 243 F.3d 893, 900-01 (5th Cir. 2001); see also Christopher v. Miles, 342 F.3d 378, 381 (5th Cir.); cert. denied, 540 U.S. 1085 (2003).[2]

---

[1] In Booker, the Supreme Court extended to the Federal Sentencing Guidelines the rule announced in Apprendi v. New Jersey, and reaffirmed in Blakely, that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 125 S.Ct. at 756. See also Padilla, 416 F.3d at 426 n. 1. The Booker Court also excised certain statutory provisions that made the Guidelines mandatory, thereby rendering them advisory only. Booker, 125 S.Ct. at 756-57.

[2] The savings clause of § 2255 states as follows:
An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless

2

Since Petitioner is incarcerated in the Northern District, this court has jurisdiction to determine whether his claims are properly brought under § 2241 via the savings clause of § 2255. Padilla, 416 F.3d at 426 (determining that only the custodial court had jurisdiction to determine whether petitioner could properly raise a claim under savings clause of § 2255) (citing Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999)).

The petitioner "bears the burden of affirmatively showing that the § 2255 remedy is inadequate or ineffective." Padilla, 416 F.3d at 426. The savings clause of § 2255 applies to a claim of actual innocence "(i) that is based on a retroactively applicable Supreme Court decision which establishes that petitioner may have been convicted of a non-existent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." Id. (quoting Reyes-Requena, 243 F.3d at 904).

In Padilla, 416 F.3d at 425-26, the Fifth Circuit Court of Appeals held that a claim challenging only the validity of a sentence under Blakely and Booker did not fall within the savings clause of § 2255. The Court concluded that the Booker's holding, like Apprendi, is "not retroactively applicable to cases on collateral review." Id. at 426 (citing Booker, 125 S. Ct. at 738; Wesson v. U.S. Penitentiary Beaumont, 305 F.3d 343, 347 (5th Cir. 2002)). It further concluded that the petitioner's claim, which challenged only the enhancement of his sentence for possession of a weapon, does "not demonstrate that [the petitioner] was convicted of a non-existent offense and [as a result] has no effect on whether the facts of his case would support his conviction for the substantive offense." Id.

---

it also appears that *the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. ¶ 5 (emphasis added).

3

In this case, despite his arguments to the contrary, Petitioner is unable to satisfy the first prong of the savings clause test. As in Padilla, his claims only challenge the enhancement of his sentence under Blakely and Booker, and as such do not implicate his conviction for a substantive criminal offense. Moreover, the Supreme Court has not made its decision in Booker retroactively applicable to cases on collateral review. Padilla, 416 F.3d at 426.[3]  Accordingly, Petitioner is not entitled to invoke the savings clause of § 2255 and his petition should be dismissed for lack of jurisdiction. See Christopher v. Miles, 342 F.3d 378, 385 (dismissing for lack of jurisdiction claim which failed to satisfy § 2255 savings clause).

---

[3] The Fifth Circuit has held in the context of a second or successive motion under § 2255 that the United States Supreme Court did not make Booker retroactively applicable to cases on collateral review. See In re Elwood, 408 F.3d 211, 212-13 (5th Cir. 2005) (per curiam). While the Fifth Circuit has not yet addressed the applicability of Booker to a first § 2255 motion, the circuits that have considered the question have determined that the Booker decision is not retroactive to collateral review cases. See Guzman v. United States, 404 F.3d 139, 141-44 (2nd Cir. 2005), pet. for cert. filed, No. 05-5187 (Jul. 5, 2005); Humphress v. United States, 398 F.3d 855, 860-63 (6th Cir. 2005), pet . for cert. filed No. 05-5130 (May 17, 2005); Varela v. United States, 400 F.3d 864, 866-868 (11th Cir. 2005); McReynolds v. United States, 397 F.3d 479, 480-81 (7th Cir), cert. denied, 125 S. Ct. 2559 (2005).

4

RECOMMENDATION:

Because Petitioner has not made the showing required to invoke the savings clause of § 2255 as to the claims presented in his habeas corpus petition, it is recommended that the petition for writ of habeas corpus under 28 U.S.C. § 2241 be dismissed for want of jurisdiction.

A copy of this recommendation will be mailed to Petitioner Dedric Shunte Beaver, BOP # 03018-180, FCI Seagoville, P.O. Box 9000, Seagoville, Texas 75159.

Signed this 1st day of September, 2005.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.